UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.

CHRISTIAN JARAMILLO ABELING,   )
                               )
      Plaintiff,              )
                               )
      v.                      )
                               )
WK ENTERTAINMENT, LLC,         )   **COMPLAINT**
                               )
      Defendant.              )
_____/

Plaintiff CHRISTIAN JARAMILLO ABELING ("JARAMILLO"), through counsel, files this Complaint suing the Defendant WK ENTERTAINMENT, LLC ("WK"), and alleges:

## INTRODUCTION

1. Plaintiff JARAMILLO is a former employee of the Defendant WK and brings this action to redress and remedy deprivation of his rights under the maximum hour/overtime provision of Section 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq., ("FLSA")

## JURISDICTION AND VENUE

2. This action arises under 28 U.S.C. § 1875 and 29 U.S.C. § 201 for which this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) because the claims arose there.

4. All material acts and occurrences described herein took place in Miami Dade County, Florida.

5. JARAMILLO is a resident of Miami Dade, Florida.

6. At all times material hereto, Defendant WK was a corporation formed and existing under the laws of the State of Florida and operating in Miami Dade County, Florida.

## FACTS

7. JARAMILLO is a former employee of Defendant WK, having worked for it first as an Office Assistant and then House Manager, a position he held from September 2022 to July 25, 2024.

8. JARAMILLO'S job responsibilities including those common to an office assistant but morphed into much more as he took on the responsibilities of house manager. As a house manager, JARAMILLO was often required to meet contractors to allow them access to the house, perform manual tasks around the house, make airport drop-offs and pick-ups, pet sitting/walking, drycleaner runs and just about any other task demanded by Defendant WK.

9. Defendant WK agree to pay JARAMILLO a salary of $70,000 per year for what was expected to be a 40-hour workweek. However, given the amount of menial tasks he was required to perform in addition to his regular job duties, Plaintiff routinely worked over forty hours per week.

10. The workweek as a House Manager, however, turned out to always exceed 40 hours per week. Based on records kept by JARAMILLO, as Defendant WK failed to maintain any time records, the overtime worked during this period totals 1,559.50 hours.

11. The salary paid to JARAMILLO resulted in an effective hourly rate of $33.60 and an overtime rate of $50.48.

12. At no time was JARAMILLO responsible for hiring, firing or supervising any employees nor was he otherwise exempt under the FLSA. Moreover, at no time was management Plaintiff's primary duty.

13. Defendant WK failed to pay JARAMILLO the mandatory overtime wages as required under the FLSA which have been calculated as $78,724.75, $157,449.50 with liquidated damages.

14. JARAMILLO has retained the undersigned law firms and agreed to pay them a reasonable fee for their legal services.

15. All conditions precedent have been satisfied and/or waived.

## COUNT I

### Violation of the Fair Labor Standards Act

16. JARAMILLO adopts by reference ¶¶ 1-14 as if fully set forth herein.

17. At all times material hereto, JARAMILLO was an employee of Defendant WK within the meaning of the FLSA.

18. At all times material hereto, the work performed by JARAMILLO was directly

essential to the business of Defendant WK.

19. At all times material hereto, Defendant WK was the employer or former employer of JARAMILLO.

20. At all times material hereto, Defendant WK was and continues to be an "enterprise(s) engaged in commerce" within the meaning of the FLSA.

21. At all times material hereto, by virtue of the work performed by JARAMILLO, Defendant WK was engaged in commerce within the meaning of the FLSA.

22. From July 10, 2023 to July 25, 2024, JARAMILLO worked in excess of 40 hours per week for which Defendant WK failed to compensate JARAMILLO at a rate of one and one-half times his regular hourly rate.

23. JARAMILLO was not an exempt employee as defined by FLSA, and, therefore, he should have been compensated at the statutory rate of time and one-half for all hours that he worked in excess of forty.

24. Defendants WK violated Title 29 U.S.C. §207 in that:

    a. JARAMILLO worked in excess of the maximum hours provided by the FLSA during his employment;

    b. No provisions were ever made to properly pay JARAMILLO at the statutory rate of time and one-half for the aforementioned hours that he worked in excess of the maximum hours provided by the FLSA;

    c. No payments were made to JARAMILLO at the statutory rate of time and one-half for the aforementioned hours in excess of the maximum hours provided by the FLSA;

    d. Defendant WK's actions were willful as it was aware of JARAMILLO's status as non-exempt under the FLSA and knowingly refused to compensate him in compliance with the FLSA.

WHEREFORE, JARAMILLO demands judgment against Defendants WK for unpaid overtime in the amount of $78,724.75 plus an equal amount as liquidated damages, attorney's fees and costs, and any such other relief this Court deems proper.

## DEMAND FOR TRIAL BY JURY

JARAMILLO hereby demands a trial by jury on all issues triable of right by a jury.

/s/Arthur T. Schofield, Esq.
ARTHUR T. SCHOFIELD, P.A.
Via Jardin Building
330 Clematis Street, Suite 207
West Palm Beach, Florida 33401
(561) 655-4211
Fax: (561) 655-5447
Fla. Bar No. 984434
aschofield@flalabor.com

- and -

Michael A. Pancier, Esq.
Fla. Bar No. 958484
Law Offices of Michael A. Pancier, P.A.,
9000 Sheridan Street, Suite 93
Pembroke Pines, FL 33024
(954) 862-2217
(954) 862-2287
mpancier@pancierlaw.com

ATTORNEYS FOR PLAINITFF