## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-20516-ELFENBEIN

**CHRISTIAN JARAMILLO ABELING,**

     Plaintiff,

**v.**

**WK ENTERTAINMENT, LLC,**

     Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS COMPLAINT

**THIS CAUSE** is before the Court on Defendant WK Entertainment, LLC's ("Defendant")
Motion to Dismiss Plaintiff's Complaint (the "Motion"), ECF No. [12].  Plaintiff Christian
Jaramillo Abeling ("Plaintiff") filed a Memorandum of Law in Opposition to Defendant's Motion
to Dismiss (the "Response"), ECF No. [13], to which Defendant filed a Reply Memorandum in
Support of the Motion to Dismiss (the "Reply"), ECF No. [14].  Upon review of the Motion,
Response, Reply, and the record, the Motion, **ECF No. [12]**, is **DENIED**.

## I.   BACKGROUND[1]

Plaintiff, a former employee of Defendant, alleges a violation of the Fair Labor Standards
Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*, for unpaid overtime wages.  Plaintiff contends that, despite
being titled as a "House Manager," his duties primarily involved manual labor and menial tasks.
*See* ECF No. [1] at ¶¶ 8 and 9.  Specifically, Plaintiff was tasked with meeting contractors to give
them access to Defendant's property, performing manual labor, making airport drop-offs and pick-
ups, pet sitting/walking, making drycleaning runs, and "just about any other task demanded by

---

[1] The following facts are taken from Plaintiff's Complaint, ECF No. [1], and are deemed true for purposes
of ruling on Defendant's Motion.

Defendant WK." *Id.* at ¶ 9.  Plaintiff further alleges he was not responsible for "hiring, firing, or supervising any employees" and "at no time was management [his] primary duty." *Id*. at ¶ 12. Ultimately, Plaintiff alleges he was wrongfully categorized as an exempt employee under the FLSA, and Defendant should have paid him overtime wages. *Id*. at ¶ 23. Plaintiff, nevertheless, was paid "a salary of $70,000 per year for what was expected to be a 40-hour workweek." *Id*. at ¶ 9.  However, during his September 2022 to July 25, 2024 tenure as House Manager, Plaintiff routinely worked over forty hours per week.  *Id*. at ¶¶ 7 and 9.  Although Defendant did not maintain time records, Plaintiff claims he worked a total of 1,559.50 overtime hours.[2]

On February 4, 2025, Plaintiff filed his single count Complaint alleging an FLSA violation based on unpaid overtime wages.  In its Motion, Defendant argues that Plaintiff's allegations inherently admit to the elements of the FLSA's administrative employee exemption,[3] and thus he is not entitled to any overtime pay.  *See* ECF No. [12] at 4.  In his Response, Plaintiff asserts he is not required to anticipate potential affirmative defenses in his Complaint; and, in any event, his pleading does not admit to all elements of any cognizable affirmative defenses.  *See* ECF No. [13] at 3–4.  In its Reply, Defendant "acknowledges that Plaintiff does not need to anticipate affirmative defenses" but contends that "Plaintiff inherently admits to the elements which are required under the Administrative Exemption of the FLSA."  *See* ECF No. [14] at 1–2 (underline in original).

---

[2] Plaintiff asserts his effective hourly rate was $33.60 with an overtime rate of $50.48 and that he is owed $78,724.75 in overtime wages, plus liquidated damages in the amount of $78,724.75, for a total amount of $157,449.50.  *See* 29 U.S.C. § 216(b) (holding employers responsible for damages in the amount of the unpaid overtime compensation "and in an additional equal amount as liquidated damages.").

[3] The administrative exemption applies to employees whose primary duty involves performing work directly related to the management or general business operations of the employer or the employer's customers.  This type of work must assist in the running or servicing of the business, rather than merely carrying out the business's day-to-day affairs.  29 C.F.R. § 541.201.

## II.    LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b), a party may move to dismiss a claim on several bases, including a "failure to state a claim upon which relief can be granted." *See* Fed. R. Civ. P. 12(b)(6).  "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration adopted, quotation marks omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citation and footnote omitted).  A complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (alteration adopted, quotation marks omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citation and quotation marks omitted).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint

has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (alteration adopted, citation and quotation marks omitted).

"Courts must liberally construe and accept as true allegations of fact in the complaint and inferences reasonably deductible therefrom, but need not accept factual claims that are internally inconsistent, facts which run counter to facts of which the court can take judicial notice, conclusory allegations, unwarranted deductions, or mere legal conclusions asserted by a party." *Campos v. INS*, 32 F. Supp. 2d 1337, 1343 (S.D. Fla. 1998); *see also Ellen S. v. Fla. Bd. of Bar Exam'rs*, 859 F. Supp. 1489, 1492 (S.D. Fla. 1994) (noting that there "are a few exceptions to" the rule requiring courts to accept a complaint's allegations as true, "such as where the facts alleged are internally inconsistent or where they run counter to facts of which the court can take judicial notice").

To state a claim for relief, a pleading "must contain" three substantive parts: (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." *See* Fed. R. Civ. P. 8(a). Along with that substance, a pleading must also conform to certain format requirements. *See* Fed. R. Civ. P. 10. Those substance and format requirements are aimed at ensuring that a complaint contains "sufficient factual matter, accepted as true," *see Iqbal*, 556 U.S. at 678, to both "state a claim to relief that is plausible on its face" and "give the defendant fair notice of what the claim is and the grounds upon which it rests," *see Twombly*, 550 U.S. at 570 (alteration adopted, quotation marks omitted).

## III.   DISCUSSION

Defendant argues that Plaintiff's Complaint should be dismissed because it fails to negate the FLSA's administrative exemption — an affirmative defense. However, "[a] complaint need not anticipate and negate affirmative defenses and should not ordinarily be dismissed based on an

affirmative defense unless the defense is apparent on the face of the complaint." *Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1304 (11th Cir. 2020) (citing *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (citing Fed. R. Civ. P. 8(c)) ("[T]he burden of pleading [affirmative defenses] rests with the defendant."). The exception to this rule applies when the affirmative defense is apparent from the allegations in the complaint. *Isaiah*, 960 F.3d at 1304.  In that scenario, a complaint may be dismissed only if it admits all the elements of an affirmative defense. *See Jones v. Bock*, 549 U.S. 199, 211–12 (2007); The Parties agree that, in general, a complaint need not anticipate and negate affirmative defenses, *see* ECF No. [13] at 2 and ECF No. [14] at 1, and instead Defendant argues that "Plaintiff inherently <u>admits</u> to the elements which are required under the Administrative Exemption under the FLSA," *see* ECF No. [14] at 2 (underline in original).

The Court must, therefore, examine the administrative exemption and determine whether the face of the Complaint indeed makes the application of this affirmative defense apparent.  The FLSA's administrative exemption applies if: (1) the employee is "[c]ompensated on a salary or fee basis at not less than the level set forth in § 541.600;" (2) the employee's "primary duty is the performance of office or non-manual work directly related to management or general business operations of the employer or the employer's customers;" and (3) the employee's "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a).

Given Plaintiff's apparent satisfaction of the first prong of the exemption, the Court focuses its analysis on the second and third prong.[4]  Starting with the second prong, the Court must

---

[4] There does not appear to be a dispute that Plaintiff's earnings satisfied the requirement for the first prong of the administrative exemption.  In the Complaint, Plaintiff alleges he earned $70,000 per year, *see* ECF No. [1] at ¶ 9, so his weekly earnings were approximately $1,346.15.  Pursuant to 29 C.F.R. § 541.600(a)(1), an individual who qualifies for the administrative exemption must have earned a salary of at least $844 per

determine whether the face of the Complaint alleges that Plaintiff's "primary duty is the performance of office or non-manual work directly related to management or general business operations of the employer or the employer's customers." 29 C.F.R. § 541.200(a)(2). As discussed above, Plaintiff alleges that his duties included performing "manual tasks around the house," making airport drop-offs and pick-ups, pet sitting/walking, making drycleaning runs, and various other "menial tasks." *See* ECF No. [1] at ¶ 9-10. In other words, Plaintiff alleges his primary duties included performance of manual work in a non-office setting. Given that this prong requires proof that Plaintiff performed "office or non-manual work," the Court finds that Plaintiff has in no way admitted to the second element of the administrative exemption.

Further, the second prong also requires that such office or non-manual work be "directly related to management or general business operations of the employer or the employer's customers." 29 C.F.R. § 541.200(a)(2). The Complaint, however, is devoid of any allegations describing Defendant's business operations or whether Defendant has any customers. Indeed, the Court knows nothing about what sort of business Defendant runs, making it impossible for the Court to discern whether Plaintiff's tasks — even if they could be construed as "office or non-manual work" — are "directly related to" Defendant's "management" or its "general business operations" or its "customers." For this additional reason, Defendant's argument that the Complaint on its face alleges facts setting forth the applicability of the second prong of the administrative exemption fails.

Turning to the third prong of the administrative exemption — whether the employee's "primary duty includes the exercise of discretion and independent judgment with respect to matters

---

week beginning on July 1, 2024. Regardless of whether the Court accounts for a lower salary requirement prior to July 1, 2024 or the requirement after July 1, 2024, Plaintiff's weekly wage exceeded the required amount. For this reason, the Court focuses its analysis on the second and third requirements of the administrative exemption.

of significance," 29 C.F.R. § 541.200(a)(3), Plaintiff alleges he was not responsible for "hiring, firing, or supervising any employees" and "at no time was management [his] primary duty." *See* ECF No. [1] at ¶ 12.  Plaintiff also describes his responsibilities as "manual tasks around the house," making airport drop-offs and pick-ups, pet sitting/walking, making drycleaning runs, and various other "menial tasks." *Id.* at ¶ 9.  Based on these allegations, the Court does not infer that his primary duties included the exercise of discretion and independent judgment with respect to matters of significance.  But even if the Court considered Defendant's argument that "Plaintiff inherently would have to act at times with his own discretion and independent judgment on 'menial tasks' around the home and when he was required to meet contractors and perform manual tasks around the house," the Court has no way of knowing whether these are "matters of significance" because the Court has no information whatsoever about Defendant's business operations to determine what is and what is not a matter of significance.  The Court thus finds that in the Complaint, Plaintiff has not admitted to the third prong either.

In sum, Plaintiff has not pleaded himself out of court by admitting all the elements of the administrative exemption — an affirmative defense.  *See Isaiah*, 960 F.3d at 1304.  Although the first element may be admitted in the Complaint's allegations, the remaining two are far from admitted.  Consequently, the Court finds no basis for a dismissal under Rule 12(b)(6).

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiff's Complaint, **ECF No. [12]**, is **DENIED**.  Defendant shall file an Answer to the Complaint and a Response to Plaintiff's Statement of Claim, ECF No. [7], within **fourteen (14) days** of the date of this Order.

CASE NO. 25-CV-20516-ELFENBEIN

**DONE AND ORDERED** in Chambers at Miami, Florida this 14th day of May, 2025.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

8