UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-20516-ELFENBEIN

**CHRISTIAN JARAMILLO ABELING**,

    Plaintiff,

v.

**WK ENTERTAINMENT, LLC**,

    Defendant.

_____/

## ORDER ON MOTION FOR LEAVE TO AMEND

**THIS CAUSE** is before the Court on Defendant's Motion for Leave to Amend and to Allow Late Filing of Additional Affirmative Defenses (the "Motion for Leave"), ECF No. [41]. Plaintiff has since filed a Response, ECF No. [42], and Defendant has filed a Reply, ECF No. [43]. The Motion for Leave is now ripe for review. For the reasons explained below, Defendant's Motion for Leave, **ECF No. [41],** is **DENIED**.

    **I.**    **BACKGROUND**

Plaintiff filed this lawsuit under the Fair Labor Standards Act ("FLSA"), seeking unpaid overtime wages during his time as a house assistant and officer manager for Defendant. *See generally* ECF No. [1]. Following the Parties' consent to Magistrate Judge jurisdiction, the Court entered its Order Setting Trial and Pre-Trial Schedule ("Trial Order") in which it gave the Parties a June 30, 2025 deadline to amend their pleadings. *See* ECF No. [30] at 2. Defendant now seeks leave of Court to file an Amended Answer that adds one additional affirmative defense — the live-in domestic employee exemption. *See generally* ECF No. [41]. Importantly, Defendant does so two weeks after the deadline to amend the pleadings set forth in the Court's Trial Order. *See* ECF No. [30].

In support of its request for leave to amend, Defendant states this affirmative defense is based on a recent Supreme Court case, *E.M.D. Sales, Inc. v. Carrera*, 604 U.S. 45, 47 (2025), which "changed the standard for the employer when asserting an exemption under the FLSA." *See* ECF No. [1] at 1-2. Further explaining the reason for the delay, Defendant states that "the Parties have exchanged discovery" "[i]n the last two months," and this "allowed Defendant to ascertain an applicable defense of an exemption under the FLSA." *Id.* at 2. Following this discovery, Defendant explains it diligently reached out to Plaintiff's counsel to inquire about amending its Answer to add this additional affirmative defense, and upon learning of Plaintiff's opposition, Defendant promptly moved for leave to amend. *Id.*

Plaintiff, in its Response, argues that Defendant was not diligent in seeking to amend its Answer to add this affirmative defense as Defendant knew this information for many months. *See* ECF No. [42] at 2. Specifically, "it took the Defendant five months to determine that the Plaintiff resided in the home of the owner of the Defendant for a period of time," and this information "was evidenced in discovery documents the Defendant provided to the Plaintiff months before the amendment deadline." *Id.* As further evidence of Defendant's lack of diligence, Plaintiff argues that Defendant's own Answers to Interrogatories, served on May 21, 2025, recognized that Defendant classified Plaintiff as an exempt employee; yet, it still waited nearly two months to amend the affirmative defenses. *Id.* at 3. As additional grounds to deny the Motion for Leave, Plaintiff argues that the addition of the proposed affirmative defense would be futile, and it is insufficient as a matter of law. *Id.* at 4-6.

In Reply, Defendant does not make any efforts to explain the delay in seeking to amend to add the live-in domestic employee exemption or otherwise contradict Plaintiff's factual assertions on this point or his timeline of events. *See* generally ECF No. [43]. Instead, the Reply focuses on

whether there was any undue delay or any prejudice to Plaintiff, arguing that there is none.

## II.     LEGAL STANDARDS

"A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," the Court should grant leave freely. *Id*.

With that said, if a party seeks to amend a pleading after the deadline set forth in a Rule 16 scheduling order, the moving party must first show "good cause." *Alexander v. AOL Time Warner, Inc.*, 132 F. App'x 267, 269 (11th Cir. 2005) (citing *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)).[1] The "good cause" requirement focuses on the diligence of the party seeking the leave to amend. *See Sosa*, 133 F.3d at 1418. "In other words, good cause exists when evidence supporting the proposed amendment would not have been discovered in the exercise of

---

[1] The Court notes that Defendant refers to the "excusable neglect" standard throughout his Motion for Leave as the standard this Court must apply. *See generally* ECF No. [41]. However, that is not the correct legal standard. The Eleventh Circuit has explained that Rule 16's "good cause" requirement is the appropriate standard under these circumstances. *See Sosa*, 133 F.3d at 1418 n.2 ("[W]hen a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused) (citations omitted).

reasonable diligence until after the amendment deadline had passed." *Ameritox, Ltd. v. Aegis Servs. Corp.*, No. 07-CV-80498, 2008 WL 2705435, at *2 (S.D. Fla. July 9, 2008), *modified on reconsideration*, No. 07-CV-80498, 2009 WL 10668614 (S.D. Fla. May 13, 2009). A party cannot demonstrate good cause if the amendment could have been timely made, "even if the opposing party would not be prejudiced by the modification of a scheduling order." *Id.* The interplay between the Rule 16 evaluation of good cause and the Rule 15 liberal amendment standard is such that, even if the party seeking leave can show that "the amendment is proper under Rule 15, the Court must first determine whether [the party seeking leave has] shown good cause under Rule 16(b) because [the] Motion was filed *after* the scheduling order's deadline." *Id.* (citing *Sosa*, 133 F.3d at 1418) (emphasis in original). "Courts consider three factors in assessing diligence: (1) whether the movant failed to ascertain facts prior to filing the pleading or failed to acquire information during the discovery period, (2) whether the information supporting the proposed amendment was available to the movant, and (3) whether the movant delayed in requesting leave to amend even after acquiring the information." *Sassine v. Seven for all Mankind, LLC*, No. 22-CV-23221, 2023 WL 2132917, at *2 (S.D. Fla. Feb. 21, 2023). Importantly, if the party seeking leave does not demonstrate diligence, then the good cause inquiry ends. *Id.* (quoting *Sosa*, 133 F.3d at 1418).

### III.   DISCUSSION

Here, the Court first turns to whether Defendant has established good cause for the belated amendment and then, if good cause is shown, the Court turns to the factors under Rule 15(a). In assessing good cause and Defendant's diligence, the Court considers whether it "failed to ascertain facts prior to filing the pleading or failed to acquire information during the discovery period, (2) whether the information supporting the proposed amendment was available to the movant, and (3)

4

whether the movant delayed in requesting leave to amend even after acquiring the information." *Sassine*, 2023 WL 2132917 at *2.

Defendant's Motion for Leave to Amend suggests two reasons for the untimely request to amend — the recent Supreme Court decision of *E.M.D. Sales, Inc. v. Carrera*, 604 U.S. 45, 47 (2025) and the recent discovery exchange between the Parties that led Defendant to recognize the applicability of the live-in domestic employee exemption. In raising these arguments, Defendant does not provide the Court with much clarity or a timeline as to when it discovered this information to demonstrate its diligence in obtaining the information prior to the deadline. Regarding the *E.M.D. Sales* decision, the Court notes that it was entered on January 15, 2025, which was before this lawsuit was filed and more than five months before the deadline to amend the pleadings. The Court struggles to understand, and Defendant does not explain, how the *E.M.D. Sales* decision, which did not discuss the exemption at issue, would be grounds to amend Defendant's affirmative defenses to add the live-in domestic employee exemption. Regardless of whether this opinion is relevant to the asserted affirmative defense, given the passage of time and the Defendant's access to this publicly available information, the Court finds that the issuance of the *E.M.D. Sales* opinion in January 2025 does not demonstrate diligence on Defendant's part.

Regarding Defendant's discovery of the applicability of this exemption, Defendant does not explain when it discovered this information or what information it discovered that led it to add this affirmative defense other than vaguely stating it occurred "in the last two months" when the Parties exchanged discovery. *See* ECF No. [41] at 2. Based on the current record, the Court finds that Defendant has not demonstrated diligence under any of the factors. As Plaintiff points out in the Response, Defendant would have known that Plaintiff lived in the home of Defendant's own principal as a live-in domestic employee long before it filed the Motion for Leave to Amend.

5

Presumably, Defendant knew that Plaintiff lived in the home while it was occurring before this lawsuit was filed. But even if Defendant was not aware at the time that Plaintiff resided in the Defendant's principal's home, this information was available to and would have been known to Defendant. Indeed, Plaintiff points out that this information was available in discovery documents that Defendant itself produced "months before the amendment deadline," and Defendant acknowledged that it classified Plaintiff as an exempt employee in its Answers to Interrogatories served nearly two months before it filed the Motion for Leave. Thus, even if Defendant did not realize it had this information available to it in documents it produced to Plaintiff, it still delayed in seeking leave to amend once it knew (as stated in its Answers to Interrogatories) that it classified Plaintiff as an exempt employee. Importantly, Defendant does not address or make any efforts to rebut any of the facts laid out in Plaintiff's Response as it relates to Defendant's lack of diligence, and in doing so, Defendant concedes those points. *See Ewing v. Carnival Corp.*, No. 19-CV-20264, 2023 WL 2524530, at *3 (S.D. Fla. Mar. 15, 2023) ("A party's failure to meaningfully respond to the opposing party's responsive counterarguments constitutes a concession of the counterargument's persuasiveness.") (citing *Conden v. Royal Caribbean Cruises Ltd.*, No. 20-22956-CIV, 2021 WL 4973533, at *7 (S.D. Fla. June 21, 2021)).

Without any good cause for the untimely request to amend the pleadings, which Rule 16 requires, the Court concludes that Defendant has failed to show that the requested amendment is proper, requiring denial of the Motion for Leave to Amend, ECF No. [41]. And without the showing of good cause, the Court need not address the second step of the inquiry, which is whether the interests of justice require the amendment under Rule 15(a).

**IV.     CONCLUSION**

For the reasons explained above, the Motion to Amend, **ECF No. [41]**, is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 21, 2025.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

Copies to:

Counsel of Record